UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONARD SHAPIRO, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>BIOGEN INC., MICHEL VOUNATSOS, JEFFREY D. CAPELLO, MICHAEL R. MCDONNELL, ALFRED W. SANROCK JR., and SAMANHA BUDD HAEMERLEIN,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Civil Action No. 21-cv-10017-IT |

ORDER APPOINTING LEAD PLAINTIFF
AND ON APPOINTMENT OF COUNSEL

March 2, 2021

TALWANI, D.J.

Before the court is Nadia Shash's Unopposed Motion to Appoint Counsel and Appoint Lead Plaintiff [#8]. For the reasons set forth below, the motion is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

I.   Relevant Background

The Class Action Complaint [#1] in this case was filed by Leonard Shapiro. The Complaint alleges Defendant Biogen Inc. and several of its employees violated federal securities laws by making allegedly false or misleading statements in relation to the development of a new Alzheimer's drug, aducanumab. Compl. ¶¶ 17–27 [#1]. The Complaint seeks to represent all persons other than Defendants who purchased or otherwise acquired common shares of Biogen stock between October 22, 2019, and November 6, 2020 (the "Class Period"). Id. ¶ 1.

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, Shapiro moved to be appointed lead plaintiff and for the court to approve his selection of lead counsel. See Shapiro Mot. [#4]. Nadia Shash and Biogen Investor Group (a group composed of three individuals who individually held Biogen stock during the Class Period) filed similar motions. See Shash Mot. [#8]; Biogen Invest. Grp. Mot. [#9].

Biogen Investor Group subsequently filed a Notice [#14] stating that, upon review of the competing motions, it did not hold the largest financial interest in the relief sought by the class. See 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb) (setting forth that the most adequate plaintiff is presumptively the person or group of persons having the largest financial interest). Accordingly, Biogen Investor Group stated that it did not oppose Shash and Shapiro's competing motions.

Shapiro initially opposed Shash's motion, see Opposition [#15], but subsequently withdrew his motion to be appointed lead plaintiff. See Shapiro Notice of Withdrawal [#25].[1] Accordingly, the court treats Shash's motion as unopposed.

Finally, Shapiro filed a Notice of Voluntary Dismissal [#26] stating that the action "is voluntarily dismissed without prejudice . . . solely as to his claims."

II.   Legal Standard

Pursuant to the PSLRA, the court is required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). By law, the most adequate plaintiff is presumed to be the individual or group of individuals that meet the

---

[1] Shapiro cited a recently issued decision in a first-filed related matter, Menashe v. Biogen Inc., 2:20-cv-10399-JVS (C.D. Cal. Feb. 24, 2021), granting, over Shapiro and Biogen Investor Group's opposition, Shash's motion to be appointed lead plaintiff and have her counsel be appointed lead counsel. See Shapiro Notice of Withdrawal [#25].

following three requirements: (1) the filing of the complaint or the making a timely motion to be lead plaintiff; (2) having the largest financial interest in the relief sought; and (3) otherwise satisfying Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff [(1)] will not fairly and adequately protect the interests of the class; or [(2)] is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

    III.    Discussion

Here, Shash is entitled to a presumption that she is the most adequate plaintiff. First, Shash's motion was timely.[2] Second, it is undisputed that Shash has the largest financial interest in the relief sought. See Biogen Invest. Grp. Notice [#14]; Shapiro Opp'n [#15]. Third, Shash has put forth a prima facie showing of typicality and adequacy in relation to the claims of the proposed class. See In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001) (concluding that the district court's inquiry into whether a plaintiff with the largest financial stake is entitled to the presumption "should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy"). Shash's claims are plainly typical of the class where she, like the members of the proposed class, purchased shares of Biogen during the class period and was allegedly injured as a result of false and misleading statements made by the Defendants. See Exhibit 2 to Baker Decl., PSLRA Certification [#12-2]; Bowers v. Tesaro Inc., No. 18-CV-

---

[2] Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), the motion must be filed not later than 90 days after the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class. Here, that notice was filed by Shash's counsel on November 13, 2020, following the filing of the first-filed and substantially similar action in the Central District of California. See Exhibit 1 to Baker Decl., PSLRA Early Notice [#12-1].

10086-ADB, 2018 WL 2089358, at *2 (D. Mass. May 4, 2018) ("The 'burden in proving typicality requires that the named plaintiff's claims arise from the "same events or course of conduct" and involve the same legal theory as do the claims of the rest of the class."') (quoting In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). Shash has also demonstrated prima facie adequacy where she has common interests and no apparent conflict with the rest of the class and has selected class counsel that are, on their face, qualified, experienced, and able to conduct this litigation.[3] See In re Lernout, 138 F. Supp. 2d at 46 ("To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation."); see also Order on Appointment of Lead Plaintiff and Lead Counsel in Menashe v. Biogen Inc., 2:20-cv-10399-JVS, ECF No. 30, at 7 (C.D. Cal. Feb. 24, 2021) (finding that Shash had made a sufficient preliminary showing of being an adequate and typical plaintiff).

Having concluded that Shash is entitled to a presumption that she is the "most adequate plaintiff" and in the absence of any remaining challenges to her appointment,[4] the court finds that Shash should be appointed lead plaintiff. See State Univs. Ret. Sys. of Illinois v. Sonus Networks, Inc., No. 06-cv-10040-MLW, 2006 WL 3827441, at *8 (D. Mass. Dec. 27, 2006) ("At this point in the analysis, 'the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is

---

[3] See Exhibit 4 to Baker Decl., Rosen Law Firm Resume [#12-4].
[4] Shapiro's Opposition 9–10 [#15], before it was withdrawn, contended that Shash was neither adequate nor typical because Shash had failed to offer a sworn declaration setting forth the credentials asserted in her motion (i.e., that she has been investing for ten years, is a CEO of a company, and is also a licensed attorney with an M.B.A.). The court does not find the omission of a sworn affidavit in this instance to be disqualifying in light of Shash's obligation to only make a prima facie showing.

whether anyone can prove that the presumptive lead plaintiff will not do a fair[ ] and adequate[ ] job.'") (quoting In re Cendant Corp., 264 F.3d at 268).

What remains is the question of lead counsel. The PSLRA provides that lead counsel shall be selected by lead plaintiff "subject to the court's approval." 15 U.S.C. § 78u4(a)(3)(B)(v). "While the Court should not be a rubberstamp, it should give the lead plaintiff['s] choice some weight." In re Lernout, 138 F. Supp. 2d at 46–47. Here, Shash has selected the Rosen Law Firm, P.A. as lead counsel and has submitted a document containing biographies of the Rosen Law Firm's attorneys and a list of cases that attorneys from the Rosen Law Firm have worked on demonstrating the law firm's extensive experience representing clients in similar maters. See Exhibit 4 to Baker Decl., Rosen Law Firm Resume [#12-4]. However, Shash's request that the court appoint a law firm, rather than individual attorneys, raises the question of whether a law firm may serve as counsel where it may not enter appearances, or file pleadings pursuant to Fed. R. Civ. P. 11.  Furthermore, it is not apparent how the court can evaluate the qualifications of the Rosen Law Firm to act as counsel to lead plaintiff where the Rosen Law Firm has made no commitment as to who in the firm will be responsible for this litigation. Accordingly, Shash's motion is denied without prejudice as to the appointment of lead counsel. Shash may renew her motion by identifying the individual attorneys Shash seeks to have appointed. In the alternative, Shash may move again for the appointment of the Rosen Law Firm, but must provide authority for the proposition that the PSLRA, Federal Rules of Civil Procedure, and/or applicable ethical rules contemplate and provide for the appointment of law firms, as opposed to individual attorneys, as lead counsel. The court does not anticipate finding persuasive court orders that appoint law firms as counsel without specifically addressing the issue.

IV.     Conclusion

For the reasons set forth above, Nadia Shash's Unopposed <u>Motion to Appoint Counsel and Appoint Lead Plaintiff</u> [#8] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART. The court appoints Nadia Shash as lead plaintiff pursuant to the PSLRA but the court denies without prejudice Ms. Shash's request to appoint the Rosen Law Firm, P.A. as lead counsel. In light of the <u>Notice of Voluntary Dismissal</u> [#26] filed by Shapiro, Shash is ordered to file an amended complaint in this action no later than March 23, 2021. The Clerk is instructed to terminate Shapiro's <u>Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel</u> [#4] and the Biogen Investor Group's <u>Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel</u> [#9] as withdrawn. Shash's <u>Motion for Leave to File a Reply</u> [#17] and <u>Request for Judicial Notice</u> [#24] are denied as moot.

IT IS SO ORDERED.

Date:   March 2, 2021                                        /s/ Indira Talwani
                                                             United States District Judge